UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DEMETRICES MITCHELL,

    Petitioner,

v.                                                                             Case No: 6:17-cv-868-Orl-31TBS
                                                                                  (6:13-cr-19-Orl-31TBS)

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

THIS CAUSE is before the Court on Petitioner Demetrices Mitchell's Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate," Doc. 1) filed pursuant to 28 U.S.C. § 2255. Respondent filed a Response to the Motion to Vacate ("Response," Doc. 7) in compliance with this Court's instruction. Petitioner was provided an opportunity to file a reply to the Response but did not do so.

Petitioner asserts four grounds for relief. For the following reasons, the Motion to Vacate is denied as untimely.

### I. Procedural History

A grand jury charged Petitioner by indictment with ten counts of bank fraud (Counts One through Ten) in violation of 18 U.S.C. § 1344, one count of access device fraud (Count Eleven) in violation of 18 U.S.C. § 1029(a)(2), and eleven counts of aggravated identity theft (Counts Twelve through Twenty-Two) in violation of 18 U.S.C. § 1028A(a)(1). (Criminal Case No. 6:13-cr-19-Orl-31TBS, Doc. 12.)[1] Pursuant to a plea

---

[1] Criminal Case No. 6:13-cr-19-Orl-31TBS will be referred to as "Criminal Case."

agreement, Petitioner entered a plea of guilty to Counts One and Twelve, and the Government dismissed the remaining counts. (Criminal Case, Doc. Nos. 41, 52.) The Court accepted the plea and sentenced Petitioner to a 33-month term of imprisonment for Count One and to a consecutive 24-month term of imprisonment for Count Twelve. (Criminal Case, Doc. Nos. 49, 52.) Petitioner appealed, and the Eleventh Circuit Court of Appeals affirmed Petitioner's convictions and sentences on April 2, 2014. (Criminal Case, Doc. 68.) Petitioner filed the Motion to Vacate on May 9, 2017.[2] (Doc. 1.)

## II. ANALYSIS

Pursuant to 28 U.S.C. § 2255, the time for filing a motion to vacate, set aside, or correct a sentence is restricted as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> (1)  the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

---

[2] *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (pro se prisoner's 2255 motion is deemed filed the date it is delivered to prison authorities for mailing which, absent evidence to the contrary, will be presumed to be the date the document was signed by the prisoner).

2

Under § 2255(f)(1), Petitioner had one year from the date his convictions became final to file a § 2255 motion. The Eleventh Circuit Court of Appeals affirmed Petitioner's convictions on April 2, 2014. (Criminal Case, Doc. 68.) Petitioner then had ninety days, or through July 1, 2014, to petition the Supreme Court of the United States for writ of certiorari. *See* Sup. Ct. R. 13. Petitioner did not do so, therefore, his convictions became final on July 1, 2014. *Clay v. United States*, 537 U.S. 522, 525 (2003) ("[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). Consequently, Petitioner had through July 1, 2015, to timely file a § 2255 motion. Petitioner, however, filed the Motion to Vacate on May 9, 2017. Thus, the Motion to Vacate is untimely under § 2255(f)(1).

Furthermore, Petitioner has not argued that any other provision of § 2255(f) is applicable or that any other reason excuses his failure to file his motion within the time provided by § 2255(f). In addition, nothing in Petitioner's Motion to Vacate or Memorandum in Support of the Motion to Vacate warrants application of § 2255(f)(2), (f)(3), or (f)(4) or demonstrates an entitlement to equitable tolling. In sum, any allegations that attempt to excuse Petitioner's failure to file the instant motion within the one-year period of limitations are without merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows**:**

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is **DENIED,** and this case is **DISMISSED** with prejudice**.**

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:13-cr-19-Orl-31TBS and to terminate the motion (Criminal Case, Doc. 76) pending in that case.

4. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[3] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE** and **ORDERED** in Orlando, Florida on September 14, 2018.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party
OrlP-1 9/14

---

[3] Pursuant to the *Rules Governing Section 2255 Proceedings for the United States District Courts*, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *Rules Governing Section 2255 Proceedings for the United States District Courts*, Rule 11(a).